[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 23, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11696
Non-Argument Calendar

_____

D. C. Docket No. 05-20679-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ZAVI L. KING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 23, 2006)**

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Zavi L. King appeals his 98-month total sentence imposed for:

(1) possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count One); (2) distribution of cocaine base within 1,000 feet of a playground, in violation of 21 U.S.C. §§ 841(a)(1), 860(a) (Count Two); (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three); and (4) possession of a firearm in relation to and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four).

On appeal, King argues that the district court erred when it sentenced him based on two related gun counts while effectively discarding the two related drug counts, based on its interpretation of U.S.S.G. §§ 3D1.1 through 3D1.3 that such a grouping was required. King explains that the issue of "closely related counts" is relevant in his case because the drug amount to which he stipulated was .3 grams of cocaine base so that his base offense level pursuant to the Drug Quantity Table would be 14 with a two-level adjustment for possession with intent distribute within 1,000 feet of a playground. King acknowledges that Count Four may not be grouped with any other count, but asserts that the court erred by abandoning the drug counts (Counts One and Two) and sentencing him pursuant to both Count Three and Count Four because these two counts resulted in the highest sentence. King argues that nothing in the guideline range mandated that Count Three could

2

not be grouped with Count Four as a closely related count.

King also argues that, pursuant to United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the court erred in believing that it was mandated by the guidelines to group the counts of conviction as suggested by the advisory presentence investigation report ("PSI"). We reject this latter argument because we have held "that Booker does not render application of individual guideline provisions advisory because the district court remains obligated correctly to calculate the Guidelines range pursuant to 18 U.S.C. § 3553(f)(1)." United States v. Brehm, 442 F.3d 1291, 1300 (11th Cir. 2006).

Thus, the only issue before us on appeal is whether King's guidelines sentence was properly calculated pursuant to U.S.S.G. § 3D1 and we review de novo a district court's decisions regarding grouping. United States v. Williams, 340 F.3d 1231, 1244 (11th Cir. 2003).

Guideline § 3D1.1 directs a sentencing court to group closely related convictions according to the rules in § 3D1.2, calculating an offense level for the group by applying the rules in § 3D1.3. United States. v. Marseille, 377 F.3d 1249, 1254 (11th Cir. 2004). Guideline § 3D1.2 provides that, in general, counts involving substantially the same harm shall be grouped together into a single group. U.S.S.G. § 3D1.2. Counts embody substantially the same harm within the

3

meaning of the rule when, inter alia, "one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustments to, the guideline applicable to another of the counts." U.S.S.G. § 3D1.2(c). "The Guidelines then direct the court to determine the offense level for the grouped convictions by determining which conviction carries the greatest offense level." Marseille, 377 F.3d at 1254; see also U.S.S.G. § 3D1.3(a). Moreover, § 3D1.1(b)(1) specifically excludes from the application of § 3D1.2 "[a]ny count for which the statute (A) specifies a term of imprisonment to be imposed; and (B) requires that such term of imprisonment be imposed to run consecutively to any other term of imprisonment." U.S.S.G. § 3D1.1(b)(1).

The guidelines applicable to each of the four counts are: (1) § 2D1.1(a)(c), (c)(13) for Count One, possession with intent to distribute cocaine base in violation of 21 U.S.C. 841(a)(1), resulting in a base offense level of 14; (2) § 2D1.2(a)(1) for Count Two, distribution of cocaine base within 1,000 feet of a playground in violation of 21 U.S.C. §§ 841(a)(1) and 860(a), resulting in enhancing the § 2D1.1 base offense level in Count One by 2 levels; (3) § 2K2.1(a)(4)(A) for Count Three, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), resulting in a base offense level of 20; and (4) § 2K2.4(b) for Count Four, possession of a firearm in relation to and in furtherance of a drug trafficking crime

4

in violation of 18 U.S.C. § 924(c)(1)(A), resulting in a consecutive 60-month sentence. See U.S.S.G. §§ 2D1.1(a)(c), (c)(13), 2D1.2(a)(1), 2K2.1(a)(4)(A), 2K2.4(b); 18 U.S.C. § 924(c)(1)(A).

Comment 4 of § 2K2.4 addresses how § 2K2.4 (Count Four) relates to § 2K2.1 (Count Three) by explaining that:

> If the explosive or weapon that was possessed, brandished, used, or discharged in the course of the underlying offense also results in a conviction that would subject the defendant to an enhancement under § 2K1.3(b)(3) (pertaining to possession of explosive material in connection with another felony offense) or § 2K2.1(b)(5) (pertaining to possession of any firearm or ammunition in connection with another felony offense), do not apply that enhancement. A sentence under this guideline accounts for the conduct covered by these enhancements because of the relatedness of that conduct to the conduct that forms the basis for the conviction under 18 U.S.C. 844(h), 924(c) or 929(a). For example, if in addition to a conviction for an underlying offense of armed bank robbery, the defendant was convicted of being a felon in possession under 18 U.S.C. 922(g), the enhancement under § 2K2.1(b)(5) would not apply.

U.S.S.G. § 2K2.4 comment. (n.4).

In the instant case, the district court did not err by grouping Counts One and Two, the drug counts, with Count Three, felon in possession of a firearm. King acknowledges that Count Four must run consecutively to all other counts and § 3D1.1(b)(1) specifically excludes Count Four from grouping based on Count Four "specif[ing] a term of imprisonment to be imposed and . . . requir[ing] that such term of imprisonment be imposed to run consecutively to any other term of

5

imprisonment." Thus, the guidelines require that Count Four stand alone.

Moreover, comment 4 of § 2K2.4 specifically denotes which subsections of

§ 2K2.1 may not be applied when determining a guidelines range that includes

§ 2K2.4 and subsection (a)(4)(A) of § 2K2.1 is not one of the subsections

specifically excluded by comment 4. Lastly, Count Three was properly added to

Counts One and Two because Count Three embodies conduct that is treated as a

specific offense characteristic or other adjustment to that group.

**AFFIRMED.**

6